UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CHARLES EDWARDS,                          :
                                          :
                    Petitioner,           :
                                          :
          -against-                       :          **REPORT and RECOMMENDATION**
                                          :
WILLIAM MAZZUCA,                          :          00 Civ. 2290 (KMK)(KNF)
SUPERINTENDENT,                           :
                                          :
                    Respondent.           :
-------------------------------------------------------x

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE KENNETH M. KARAS, UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

Before the Court is Charles Edwards' ("Edwards") pro se petition for a writ of habeas

corpus made pursuant to 28 U.S.C. § 2254.  The respondent opposes Edwards' application for

habeas corpus relief.  For the reasons set forth below, I recommend that the petition be denied.

## II.  BACKGROUND

Edwards was arrested on November 2, 1989, and arraigned the following day.  Thereafter,

evidence was presented to a Bronx County grand jury that probable cause existed to believe that

Edwards had committed various sex crimes.  On November 8, 1989, the grand jury returned an

indictment against Edwards containing thirty counts, including eight counts of sodomy, eight

counts of incest, eight counts of rape, four counts of endangering the welfare of a child, and two

counts of sexual abuse.  It was alleged in the indictment that these offenses were committed in

1988 and 1989 against petitioner's daughter, Katrina.

Edwards was released from custody after posting bail, but failed to attend scheduled court

appearances on August 1 and September 12, 1990; thereafter, a bench warrant was issued for his arrest.  On January 29, 1993, petitioner was re-arrested and remanded for trial.  On January 3, 1994, a Bronx County grand jury indicted petitioner for bail jumping.

On February 9, 1994, following a jury trial in New York State Supreme Court, Bronx County, Edwards was convicted for six counts of rape in the first degree (three counts under New York Penal Law § 130.35[1] and three counts under New York Penal Law § 130.35[3]); eight counts of sodomy in the first degree (four counts under New York Penal Law § 130.50[1] and four counts under New York Penal Law § 130.50[3]); and two counts of sexual abuse in the first degree (one count under New York Penal Law § 130.65[1] and one count under New York Penal Law § 130.65[3]).

On May 3, 1994, Edwards was sentenced, as a second felony offender, to fourteen concurrent terms of eight and one-half to seventeen years imprisonment for the rape and sodomy convictions, to run concurrently with two concurrent terms of three to six years imprisonment, imposed on petitioner for the sexual abuse convictions.  On the same day, petitioner pleaded guilty to bail jumping in the first degree (New York Penal Law § 215.57) and was sentenced to serve three to six years imprisonment, concurrently with his other sentences.

*Post-Judgment Motion*

On July 25, 1995, Edwards moved, pro se, to vacate the judgment of conviction, pursuant to, inter alia, New York Criminal Procedure Law ("CPL") § 440.10(1)(h).  The motion raised the following claims of error:

(1)     the police officers who arrested petitioner lacked a warrant and probable cause for the arrest;

(2)      petitioner was deprived of his right to be furnished with a copy of the charges against him or to be informed of "any pending charges;"

(3)      petitioner's statutory right to testify before the grand jury was violated;

(4)      the trial judge "failed to render its decision or cause review" of petitioner's pro se motion to dismiss his indictment;

(5)      petitioner's trial counsel and the prosecutor withheld Rosario[1] material from him;

(6)      petitioner's trial counsel and the prosecutor withheld Brady[2] material from him;

(7)      the trial judge erred in denying petitioner's motion to dismiss the indictment "based on the excessive time span alleged in several of the counts;"

(8)      the prosecution failed to comply with a court order directing that the indictment be amended;

(9)      the hearing court failed to "balance the interest of both parties" when it made its Sandoval[3] ruling;

(10)     the trial court failed to permit the petitioner to consult or interview counsel prior to assigning counsel to represent him;

(11)     the trial court erred when it denied petitioner's request to have his trial counsel replaced;

(12)     trial counsel was ineffective;

---

[1]People v. Rosario, 9 N.Y.2d 286, 289, 213 N.Y.S.2d 448, 450 (1961), gives a criminal defendant the right to examine statements by prosecution trial witnesses made prior to their being called to testify at trial.

[2]Under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), the prosecution is obligated to disclose to a criminal defendant exculpatory information which is known to be material to a defendant's guilt or punishment.  The defendant is denied due process of law if the prosecution suppresses such material.

[3]At a hearing, pursuant to People v. Sandoval, 34 N.Y.2d 371, 357 N.Y.S. 2d 849 (1974), the court determines whether and to what extent the prosecution will be permitted to produce evidence of a criminal defendant's prior convictions or prior bad acts to impeach the defendant's credibility if he or she testifies at trial.

3

(13)    petitioner was deprived of his right to a speedy trial and the court erred in denying his speedy trial motion;

(14)    the state failed to comply with the court's order to hold a <u>Mapp</u> hearing;[4]

(15)    the trial court erred when it failed to issue a subpoena to the petitioner for records maintained by the Family Court;

(16)    the trial court erred when it refused to strike a prospective juror for cause;

(17)    Katrina Edwards' grand jury testimony was false, and wrongfully elicited by coaching;

(18)    the trial court changed the theory(ies) of the indictment when it determined to dismiss two counts of the indictment and it erred when it dismissed two counts of the indictment after the jury reached its verdict, without deliberating for a sufficient period of time;

(19)    the trial court erred in restricting petitioner's cross-examination of the arresting officer;

(20)    the trial court erred in denying petitioner's request to re-call "the child witness" to re-examine her about statements she made to the police four years earlier;

(21)    the testimony of Katrina Edwards was incredible;

(22)    the prosecutor engaged in misconduct while delivering the closing argument;

(23)    the prosecutor failed to establish a motive for the charged crimes;

(24)    petitioner's trial counsel and the prosecutor failed to inform him of the identity of individual prosecution witnesses, thereby depriving the petitioner of his right to interview those persons pretrial;

(25)    petitioner's trial counsel and the prosecutor failed to permit the petitioner to review his presentence report;

(26)    the petitioner was denied an "impartial atmosphere or setting at trial" because of

---

[4]A hearing held pursuant to <u>Mapp v. Ohio</u>, 367 U.S. 643, 81 S. Ct. 1684 (1961), is to determine whether physical evidence sought to be used against a criminal defendant was obtained illegally by law enforcement officers and, thus, is inadmissible at the criminal defendant's trial.

constrains imposed on his seating posture and because his prisoner identification wristband was not removed during the trial; and

(27)   the indictment was defective because the petitioner was never advised of his right to appear, testify and call witnesses before the grand jury.

At Edwards' request, the motion was held in abeyance so that his appellate counsel, L. Jeffrey Norwalk, could file supplemental motion papers. In those papers, dated May 25, 2000, counsel asserted two claims of ineffective assistance of counsel:

(1)   petitioner's second attorney did not move timely to dismiss the indictment, resulting in a waiver of petitioner's claim that he was denied his statutory right to testify before the grand jury; and

(2)   petitioner's fourth attorney, petitioner's trial counsel, did not call an expert witness to testify at trial about the suggestibility of children and the dangers of interviewing repeatedly alleged child victims of sexual abuse.

Edwards' CPL § 440.10 post-conviction motion was denied on December 20, 2000. The trial court found that the arguments advanced by the petitioner in his pro se motion were either rejected by the New York State Supreme Court, Appellate Division, when it considered the petitioner's appeal from the judgment of conviction or were neither substantiated nor supported by the record. The trial court also found wanting the arguments urged by the petitioner's appellate counsel, through his supplemental submission. The court noted that the allegation of ineffective assistance of counsel lodged against the petitioner's second attorney, premised on that attorney's failure to make a motion to dismiss the indictment timely, was meritless. The court explained that a motion for reargument had been granted, thus mooting the timeliness issue and, following a hearing on the motion, it was denied. Thereafter, the petitioner did not mount a challenge to the court's decision on the motion in his direct appeal from the judgment of conviction. As a result, the court found the petitioner was procedurally barred from obtaining

relief on the claim via a motion to vacate the judgment.  With respect to the remaining claim, that

the petitioner's trial counsel rendered ineffective assistance to him by failing to present expert

testimony at the trial on the issue of child suggestibility, the court found this claim was also

without merit.  The court reasoned that it was not likely that such testimony, if proffered, would

have been received in evidence because the issue of child suggestibility is one within the

common knowledge of jurors; accordingly, no expert testimony on the subject would be needed

to aid the jurors.  Moreover, the court noted that the petitioner's trial counsel had addressed the

issue through witness cross-examination and, thereafter, had returned to the issue during his final

argument to the jury.  Therefore, the court concluded that counsel's decision not to call an expert

witness, in the circumstance of the instant case, did not constitute ineffective assistance of

counsel.

*Direct Appeal*

In 1997, Edwards appealed his conviction to the New York State Supreme Court,

Appellate Division, First Department.  Edwards raised six claims on direct appeal:

(1)     the prosecution failed to exercise due diligence in attempting to locate petitioner after a warrant was issued for his arrest, and thereby violated his statutory right to a speedy trial;

(2)     the indictment was "excessive" and violated the reasonable and adequate notice requirement of the "nature and cause of the accusation" guarantees of the Sixth Amendment;

(3)     petitioner's conviction on charges involving forcible compulsion was against the weight of the evidence;

(4)     erroneous evidentiary rulings by the trial court violated petitioner's constitutional rights to a fair trial and due process of law, in that they (a) placed limits on petitioner's ability to cross-examine a police officer witness and (b) barred petitioner from calling the victim as a witness on petitioner's direct case;

(5)     petitioner was denied his right to effective assistance of trial counsel, because counsel failed to: (a) move to dismiss the indictment on the ground that petitioner was denied his statutory right to testify before the grand jury; and (b) call an expert witness to testify about the suggestibility of children and the dangers that are inherent when children are interviewed repeatedly about the same matter; and

(6)     petitioner was denied his due process right to a fair trial because of numerous instances of prosecutorial misconduct.

The Appellate Division affirmed petitioner's conviction unanimously.  See People v. Edwards, 254 A.D.2d 136, 681 N.Y.S.2d 227 (App. Div. 1st Dep't 1998).  By letter dated November 28, 1998, petitioner sought leave to appeal to the New York Court of Appeals.  In that letter, petitioner abandoned many of the issues he had presented to the Appellate Division and raised only three of the claims upon which he had previously urged that his conviction be overturned: 1) the lack of specificity in the indictment regarding when the charged crimes were committed; 2) the limitation on cross-examining a police officer witness the trial court placed on the petitioner; and 3) the trial court's refusal to permit the complaining witness to be called to testify on the petitioner's direct case, because he had had an opportunity to cross-examine her fully.  In a decision dated February 17, 1999, the New York Court of Appeals denied petitioner's application for leave to appeal to that court.  See People v. Edwards, 93 N.Y.2d 852, 688 N.Y.S.2d 499 (1999).

*Habeas Corpus Petition*

On February 11, 2000, Edwards filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  In his petition, Edwards presented the following claims, either explicitly or indirectly:

(1)     petitioner's arrest was without probable cause;

7

(2)     petitioner's constitutional rights to due process and equal protection were violated when he was denied his right to appear and to testify before the grand jury;

(3)     "the Trial Court, the People, or appellant['s] trial attorney violated appellant's Federal or State Constitutional Rights for a fair trial or due process of law";

(4)     petitioner received ineffective assistance from trial counsel, because counsel failed to: (a) communicate with petitioner, (b) interview exonerating witnesses, (c) put forth a defense, (d) cross-examine witnesses properly, and (e) give petitioner documents so that he could "prepare for trial";

(5)     petitioner received ineffective assistance from appellate counsel, because counsel did not: (i) give petitioner a copy of his draft brief, (ii) raise adequately or argue issues that petitioner requested that he raise on appeal, and (iii) did not file a supplemental brief as he promised he would;

(6)     petitioner's trial and appellate attorneys violated his "Federal or State Constitutional Rights to have access to the State Courts" by means of pro se petitions;

(7)     the Appellate Division's October 20, 1998 decision, affirming his conviction, was not "proper";

(8)     petitioner's right to a speedy trial was violated;

(9)     the state failed to comply with a court order for a Mapp hearing;

(10)    petitioner's nine-year-old daughter was manipulated by the prosecutor before trial and was asked leading questions during the trial, without objection by defense counsel;

(11)    petitioner was not read the charges against him at his initial arraignment; and

(12)    the prosecutor did not supply petitioner with a bill of particulars setting forth "the substance" of petitioner's conduct.

*Motion to Dismiss and Stay of Petition*

On July 25, 2000, the respondent moved to dismiss the petition, without prejudice, on the ground that Edwards had failed to exhaust state remedies with respect to certain claims raised in the petition.  The court granted the motion.  Thereafter, petitioner appealed to the Second Circuit

Court of Appeals.  That court remanded the matter to the district court directing it to stay adjudication of the application for the writ so that petitioner could exhaust available state remedies with respect to his previously unexhausted claims (see e.g. Zarvela v. Artuz, 254 F.3d 374 [2d Cir. 2001]).  As a result of the Second Circuit's directive, the court, by order dated April 23, 2002, instructed Edwards that, preparatory to the filing of his petition:  (a) the claims raised in his motion to vacate the judgment of conviction, made pursuant to CPL § 440.10, must be exhausted by filing an appeal from the trial court's decision on the motion to the Appellate Division; and (b) his claim of ineffective assistance of appellate counsel must be exhausted by filing a state petition for a writ of error coram nobis.  Petitioner was advised that he must commence exhausting his remedies in the state courts within thirty days of the entry of the district court's order, and must return to the district court within thirty days of exhausting his state remedies.

In October 2001, Edwards sought leave to appeal the trial court's denial of his CPL § 440.10 motion to vacate the judgment of conviction.  The Appellate Division denied Edwards' application for leave to appeal on December 20, 2001; his application for permission to reargue the denial of leave to appeal was denied on August 15, 2002.  On October 29, 2002, the New York Court of Appeals dismissed Edwards' application for a certificate to appeal the Appellate Division's ruling, finding that it was not appealable under CPL § 450.90.

In May 2002, Edwards moved for a writ of error coram nobis.  That motion was denied by the Appellate Division on May 6, 2003.  Thereafter, Edwards renewed his application for a writ of habeas corpus timely.  In his affidavit in support of the motion to renew his petition, Edwards raised seven new claims.  They are:

(1) his convictions were against the weight of the evidence;

(2) a "cover-up" and "warrantless and illegal intrusion in the home of Petitioner's friend, Betty Moore, [was perpetrated] solely to arrest Petitioner;"

(3) the physician who examined the petitioner's daughter and testified for the prosecution "never explained," at trial, with specificity, the observations she made concerning Katrina's hymenal opening;

(4) petitioner's trial counsel failed to present a "technical" defense expert witness to counter the testimony of the physician who examined his daughter and testified for the prosecution;

(5) petitioner's trial counsel was incompetent, as demonstrated through his "proffering a gun" and his questioning of Doreatha Lee and Sheila Carrera about a telephone call placed to a 911 operator;

(6) the charges in the criminal complaint filed against the petitioner did not "coincide" with the charges in the indictment; and

(7) petitioner's trial counsel "never investigated" petitioner's "claims that his daughter had undergone a series of medical examinations immediately prior to" his arrest "and there were no findings of sexual abuse."

 The respondent opposes Edwards' application for habeas corpus relief.  He contends certain claims, including claims raised in the original petition, are unexhausted.  According to the respondent, these claims could still be raised by means of a CPL § 440.10 motion in state court or, alternatively, denied on the merits by this court, pursuant to 28 U.S.C. § 2254(b)(2).  In addition, the respondent maintains that certain other claims are both unexhausted and forfeited. Moreover, the respondent argues that two claims are exhausted but should be denied because the Appellate Division's decision concerning these claims was neither contrary to nor an unreasonable application of Supreme Court precedent.

### III.  DISCUSSION

"In conducting habeas review, a federal court is limited to deciding whether a conviction

violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S.

62, 68, 112 S. Ct. 475, 480 (1991).  Therefore, a state prisoner's petition for habeas corpus relief

that either is premised on a violation(s) of state law or fails to allege a violation of the

Constitution, laws or treaties of the United States will not garner the petitioner the relief he or she

seeks.

　　　　　In the case at bar, several of the claims made by the petitioner are either based upon

alleged violations of state law or are otherwise not appropriate for analysis in a habeas corpus

proceeding.  As such, they provide no basis for the court to grant the petitioner habeas corpus

relief.  For example, the petitioner contends his conviction on certain counts of the indictment

that alleged "forcible compulsion" was against the weight of the evidence.  A "weight of the

evidence" claim is a state-law claim based on CPL § 470.15(5).  Such a claim does not implicate

federal law.  See Douglas v. Portuondo, 232 F. Supp. 2d 106, 116 (S.D.N.Y. 2002); Garrett v.

Supt. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006).  The petitioner maintains he was

deprived of his right to testify before the grand jury that returned an indictment against him.

"[The] right to testify before a grand jury is purely a state statutory right, and does not rise to a

[c]onstitutional level."  Green v. Artuz, 990 F. Supp. 267, 273 n.8 (S.D.N.Y. 1998).  The

petitioner also alleges that the statutory right to a speedy trial, conferred upon him through CPL §

30.30, was violated.  However, a CPL § 30.30 claim is not the equivalent of a federal

constitutional speedy trial claim made pursuant to the Sixth and Fourteenth Amendments;

therefore, it cannot be reviewed in a federal habeas corpus proceeding.  See Gibriano v. Attorney

General of the State of New York, 965 F. Supp. 489, 491 (S.D.N.Y. 1997); Cadilla v. Johnson,

119 F. Supp. 2d 366, 374 (S.D.N.Y. 2000).  Furthermore, the petitioner claims the charges made

against him were not read to him at his initial arraignment and that the prosecution did not supply

him with a bill of particulars.  These allegations pertain solely to alleged violations of New

York's Constitution and its statutes.  See Jelinek v. Costello, 247 F. Supp. 2d 212, 268 (E.D.N.Y.

2003); New York Const. art. I § 6; CPL § 170.10; CPL § 200.95.  Since the above-noted claims

do not involve alleged violations of the Constitution or federal laws, they provide no basis for

granting the petitioner habeas corpus relief.  Therefore, no further analysis of them will be made

in this writing.

The petitioner maintains the trial court, the prosecution or petitioner's trial counsel

violated his federal or state constitutional rights to a fair trial or due process of law.[5]  However,

this claim is bereft of facts that explain, with particularity, how the petitioner's federal

constitutional rights were violated.  A vague claim, such as this one, is not susceptible to review

by a federal habeas court and may be dismissed summarily.  See Dory v. Commissioner of

Correction, 865 F.2d 44, 45 (2d Cir. 1989); Smith v. Girdich, No. 03 CV 5193, 2004 WL

1743946, at *3 (E.D.N.Y. Aug. 4, 2004).  In addition, Edward's allegation, that his trial and

appellate counsel frustrated his ability to petition the state courts, pro se, and thereby violated his

federal or state constitutional rights, also presents no issue for which habeas corpus relief could

be obtained.  This is so because a criminal defendant has no federal constitutional right to

represent himself or herself and simultaneously be represented by counsel.  Such "hybrid"

representation, when it occurs, occurs at the discretion of the court.  See U.S. v. Edwards, 101

---

[5]Since a claim that petitioner's state constitutional rights were violated is not cognizable
in a federal habeas corpus proceeding, for the reasons stated, supra, the Court has considered
only the federal constitutional aspect of this claim and all others in which Edwards asserts that
both federal and state constitutional violations require that he be granted habeas corpus relief.

F.3d 17, 19 (2d Cir. 1996); U.S. v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989). Consequently, no further analysis of this claim by the Court is warranted.

Edwards has also alleged that the Appellate Division's October 1998 decision affirming his conviction was not "proper." The petitioner explained, in a traverse submitted to the court, that the Appellate Division's decision was not "proper" because it was reached without input from him, which Edwards sought to provide through an application for permission to file an appellate brief, pro se, to supplement the brief filed by his appellate counsel. The Appellate Division declined to grant Edwards' application and determined to rely solely on the submissions made by the petitioner's appellate counsel. Edwards' claim concerning the propriety of the Appellate Division's decision does not implicate federal law because, as stated immediately above, "hybrid" representation is not a creature of federal law but is a matter left to a court's discretion.

*Exhaustion of State Remedies*

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. See 28 U.S.C. § 2254(b) and (c). To satisfy the exhaustion requirement, a habeas corpus petitioner must "fairly present" his or her claim to the highest state court from which a decision can be rendered. See Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982)(en banc). A claim is fairly presented if the state court was informed of the factual and legal premises of the claim being asserted in federal court. See id. If material factual allegations or legal doctrine are presented in a federal habeas corpus petition that were not presented to the state court, the state court has not had a fair opportunity to rule on the claim. See id. at 191-92. Once a claim is fairly presented, "and having been denied relief, the petitioner must have utilized

13

all available mechanisms to secure appellate review of the denial of that claim." Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981) (citations omitted).

In this case, five of the claims presented in petitioner's habeas corpus petition were raised previously in his pro se CPL § 440.10 motion.[6]  These claims are that:

(a)     his arrest was without probable cause;

(b)     his constitutional rights to due process and equal protection were violated when he was denied his right to appear and testify before the grand jury;

(c)     the state failed to comply with a court order for a Mapp hearing;

(d)     his daughter's trial testimony was "programmed," since she was manipulated by the prosecutor before trial; and

(e)     he was not read the charges against him at his initial arraignment.[7]

A petitioner may satisfy the exhaustion requirement by collaterally attacking his conviction.  Where a habeas petitioner files a motion to vacate a judgment of conviction pursuant to CPL § 440.10, and such relief is denied, the exhaustion requirement is met.  See Hemphill v. Senkowski, No. 02 Civ. 7093, 2004 WL 943567, at *12 (S.D.N.Y. May 3, 2004).  Therefore, since claims b and e do not provide a basis for granting Edwards habeas corpus relief, as discussed earlier in this writing, the Court finds that three remaining claims, claims a, c and d,

---

[6]Two of these claims: the denial of petitioner's right to appear and testify before the grand jury and the failure to read the charges to petitioner at his initial arraignment, have been addressed earlier in this writing and no additional analysis of them will be made.

[7]Petitioner's claim that he received ineffective assistance from his trial counsel, discussed infra, also was presented in his motion to vacate the judgment of conviction; however, that claim was presented by appellate counsel in his supplemental motion papers.

have been exhausted for the purpose of the instant petition.[8]

Furthermore, the Court notes that the trial court, in its decision denying the motion to vacate the judgment of conviction, stated that it had "reviewed the arguments" advanced with respect to, inter alia, claims a, c and d and found that "they were either rejected on appeal or are unsubstantiated and not supported by the record."  Since the three claims in question were not raised on direct appeal and, thus, could not have been "rejected on appeal," it may be presumed that the basis for the trial court's denial of these claims was its determination that they were "unsubstantiated and not supported by the record."  Although, as the respondent notes, the trial judge did not identify any legal authority in reaching this determination, claims that are "unsubstantiated and not supported by the record" may be denied pursuant to CPL § 440.30(4), which states that, if certain conditions exist, a trial court may deny a motion to vacate a judgment of conviction "[u]pon considering the merits of the motion."

Courts in this judicial district disagree concerning whether the denial of a motion pursuant to CPL § 440.30(4) is an "adequate and independent" state procedural bar, thus precluding habeas corpus relief, see, e.g., White v. Keane, No. 00 Civ. 6202, 2001 WL 699053, at *2 (S.D.N.Y. June 21, 2001), or a decision on the merits, see, e.g., Lou v. Mantello, No. 98 CV 5542, 2001 WL 1152817, at *9 n.9 (E.D.N.Y. Sept. 25, 2001).  Those authorities that view such a denial as a decision on the merits argue that, because CPL § 440.30, which outlines the procedures for deciding a CPL § 440.10 motion, specifically states that, provided certain conditions exist, the court may deny such a motion without conducting a hearing "[u]pon

---

[8]As noted above, the petitioner's application for leave to appeal the trial court's denial of his CPL § 440.10 motion was denied by the Appellate Division and dismissed by the New York Court of Appeals.

15

considering the merits of the motion," it is a merits-based decision and not a procedural bar.  See Gonzalez-Pena v. Herbert, 369 F. Supp. 2d 376, 388-89 (W.D.N.Y. Jan. 5, 2005).  The Court concurs with this analysis and, therefore, will consider these claims on their merits.

Where a state court has adjudicated the merits of a claim raised in a federal habeas corpus petition, 28 U.S.C. § 2254 informs that a writ of habeas corpus may issue only if the state court's adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  See 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000); Francis S. v. Stone, 221 F.3d 100 (2d Cir. 2000).  In addition, when considering an application for a writ of habeas corpus by a state prisoner, a federal court must be mindful that any determination of a factual issue made by a state court is to be presumed correct and the habeas corpus applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).

In this case, since the trial court adjudicated the three claims highlighted above on the merits, it is incumbent upon Edwards to establish that the decision reached by the trial court on these claims was either contrary to or involved an unreasonable application of clearly established Federal law, or else was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings.  Edwards has done neither.  Since Edwards has not met the burden placed upon him by 28 U.S.C. § 2254(d), he is not entitled to habeas corpus relief based on his allegations that: (1) his arrest was without probable cause; (2) the state deprived him of a court-ordered Mapp hearing; and (3) his daughter's testimony was

16

"programmed" and the product of prosecutorial manipulation.

Furthermore, since New York has a mechanism for adjudicating Fourth Amendment claims like the petitioner's claims concerning his arrest and the state's failure to obey the trial court's Mapp hearing order, habeas corpus review of these claims is precluded.  In Stone v. Powell, 428 U.S. 465, 481-82, 96 S. Ct. 3037, 3046 (1976), the United States Supreme Court held that "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.  In this judicial circuit, "federal courts can review the Fourth Amendment claims otherwise precluded by Stone only (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process."  Montero v. Sabourin, No. 02 Civ. 8666, 2003 WL 21012072, at *5 (S.D.N.Y.  May 5, 2003)(quoting Capellan v. Riley, 975 F.2d 67, 70 [2d Cir. 1992]).

CPL §§ 710 *et seq*. provide a procedure for litigating Fourth Amendment claims.  Specifically, CPL § 710.60 provides for a pretrial hearing, or hearings, to determine whether evidence sought to be used at trial is inadmissible because it violates the rules set forth in Mapp and Dunaway v. State of New York, 442 U.S. 200, 99 S. Ct. 2248 (1979).[9]

_____

[9]In Dunaway, the Supreme Court made clear that the Fourth and Fourteenth Amendments are violated when, without probable cause, a person is seized by state law enforcement officials and transported to a police station for questioning.  A hearing held pursuant to Dunaway explores whether statements obtained from a person arrested without probable cause should be suppressed at a subsequent trial.  Petitioner never sought a Dunaway hearing.

In the case at bar, a Mapp hearing was ordered for the petitioner.  He contends it was not held, thereby suggesting, without ever saying so affirmatively, that an unconscionable breakdown in the state's procedures occurred.  However, the record evidence undermines that suggestion.  In the affidavit the petitioner submitted in support of his pro se CPL § 440.10 motion, he stated, among other things, that "no incriminating evidence . . . was removed from [his] person" when he was seized and searched by the arresting officers.  In such a circumstance, no Mapp hearing would need to be conducted -- notwithstanding the fact that such a hearing was ordered -- because no physical evidence was obtained from the petitioner that the prosecution sought to use against him at his trial.  Consequently, the petitioner was not precluded from using the relevant state corrective mechanism because of an "unconscionable breakdown" in the process.

Furthermore, Edwards sought and received review of his Fourth Amendment claims by way of the CPL § 440.10 motion he made in the trial court.  The Appellate Division declined to hear an appeal from the determination reached on the CPL § 440.10 motion by the trial court and efforts by petitioner to have the New York Court of Appeals entertain a challenge to the Appellate Division's decision were unavailing.

Therefore, since the petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the state court, habeas corpus review of those claims is precluded.  See Graham v. Costello, 299 F.3d 129, 133-34 (2d Cir. 2002).

*Ineffective Assistance of Trial Counsel*

Edwards contends that he received ineffective assistance from his trial counsel owing to counsel's failure to: (1)  communicate with him; (2) interview exonerating witnesses; (3) put forth a defense; (4) cross-examine witnesses properly; or (5) provide him with documents with

which Edwards could "prepare for trial."  The respondent maintains this claim of ineffective

assistance of counsel is partially exhausted.  According to the respondent, two of the theories

under which the petitioner alleges he received ineffective assistance from his trial counsel:

counsel's failure to put forth a defense and to cross-examine witnesses properly, are record-based

matters that could have been presented to the Appellate Division by the petitioner, through his

direct appeal from the judgment of conviction, but were not.  Under New York law, Edwards

would not be able to raise these two theories, under which he contends ineffective assistance was

rendered to him by his trial counsel, in state court, through a post-judgment CPL § 440.10

motion, since sufficient facts appeared on the trial record which would have permitted Edwards

to raise these matters on his direct appeal.  See CPL § 440.10(2)(c).  As a result, the Court finds

that the petitioner failed to exhaust his state remedies with respect to these two theories under

which he claims that ineffective assistance was rendered by his trial counsel.

However, inasmuch as it appears that Edwards can no longer raise these theories of

ineffective assistance of trial counsel in the state court, they are procedurally forfeited claims.

Therefore, they may be deemed exhausted by the court for the purpose of habeas corpus review.

See Harris v. Reed, 489 U.S. 255, 263 n.9, 109 S. Ct. 1038, 1043 n.9 (1989); Grey v. Hoke, 933

F.2d 117, 120 (2d Cir. 1991).  In such a circumstance, Edwards' claims, that his trial counsel

failed to put forth a defense and failed to cross-examine witnesses properly, may be entertained

by the court if Edwards can show cause for his default and actual prejudice resulting therefrom,

or establish that he is actually innocent.  See Harris, 489 U.S. at 262, 109 S. Ct. at 1043;

DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004).

The petitioner has shown neither cause for his failure to comply with the applicable state

procedural rule, nor prejudice.  Moreover, he has not demonstrated that the court's failure to review these two theories, upon which he contends ineffective assistance was rendered to him by his trial counsel, will result in a fundamental miscarriage of justice, because he is actually innocent.  See Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998). Therefore, the Court finds that the two unexhausted theories under which Edwards claims that he received ineffective assistance from his trial counsel, cannot be reviewed in connection with the instant application for a writ of habeas corpus.

The remaining theories under which Edwards alleges he received ineffective assistance from his trial counsel: counsel's failure to communicate with him, to interview exonerating witnesses or to provide him with documents with which Edwards could have "[prepared] for trial" were exhausted through the CPL § 440.10 motion the petitioner presented to the trial court for resolution.  The Court has explained earlier in this writing the burden placed upon a habeas corpus petitioner by 28 U.S.C. § 2254(d) and the presumption of correctness that attaches to the factual findings made by a state court that has adjudicated a petitioner's claim(s) on the merits.  Therefore, it is unnecessary to repeat those explanations here.  It is sufficient to note that Edwards has not met the burden placed upon him by 28 U.S.C. § 2254(d) and has not challenged, by clear and convincing evidence, any of the factual determinations made by the trial court when it disposed of his allegations concerning the effectiveness of the legal assistance his trial counsel rendered to him.  Consequently, the instant claim provides no opportunity for the court to grant Edwards habeas corpus relief.

When Edwards returned to this court and requested that the stay that had been put in place be lifted, so that he could "renew his petition," he presented this court with additional

20

theories under which he alleges his trial counsel failed to render effective assistance to him.

Edwards alleged his trial counsel failed to present a "technical" defense expert to counter

testimony given by a physician who examined his daughter and testified for the prosecution.  He

also alleged his trial counsel was incompetent, as demonstrated through his "proffering a gun"

and his questioning of Doreatha Lee and Sheila Carrera about a telephone call placed to a 911

operator.  Furthermore, Edwards maintained his trial counsel "never investigated" Edwards'

"claims that his daughter had undergone a series of medical examinations immediately prior to"

his arrest and that these medical examinations failed to reveal evidence that his daughter had

been abused sexually.  In addition, according to Edwards, his trial counsel permitted the

prosecutor to ask leading questions of his daughter, without objection, during his trial.

The petitioner's claims, regarding trial counsel's failure to object to leading questions, his

failure to examine Ms. Lee and Ms. Carrera appropriately, his "proffering of a gun" and his

failure to present evidence from a defense medical expert, are all record-based matters that were

not raised by the petitioner on direct appeal.  As noted above, CPL § 440.10(2)(c) bars Edwards

from presenting these claims to a state court for adjudication.  Therefore, these claims may be

deemed exhausted but are procedurally forfeited.  As such, they cannot be the basis upon which

habeas corpus relief is granted to the petitioner unless Edwards can show cause for his default,

prejudice resulting therefrom or that he is actually innocent.  The petitioner has not done this.

The petitioner's remaining claim, that his trial counsel failed to investigate information

concerning medical examinations that were performed on his daughter immediately prior to his

arrest, is an unexhausted claim.  The claim is not record-based, therefore, a CPL § 440.10 motion

remains an available remedial vehicle, through which Edwards can seek relief, in a state court,

for this branch of his ineffective assistance of trial counsel claim.

Typically, federal habeas corpus relief may not be granted when a petitioner has not exhausted available state remedies through which the petitioner might obtain relief for an alleged violation of federal law.  See 28 U.S.C. § 2254(b)(1)(A).  However, 28 U.S.C. § 2254(b)(2) advises that an application for a writ of habeas corpus may be denied on the merits regardless of whether the petitioner has exhausted available state remedies.  As discussed earlier in this writing, adjudication of Edwards' petition was stayed previously to afford him the opportunity to exhaust available state remedies.  Repeating that exercise, at this juncture, would not be efficient and appropriate, since it appears to the Court that this branch of the petitioner's ineffective assistance of trial counsel claim lacks merit.

To determine whether counsel's assistance was effective, the Supreme Court devised a two-part test.  See Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 2064-69 (1984).  First, a criminal defendant must show that counsel's performance was deficient; that is, that it fell below an "objective standard of reasonableness," measured under "prevailing professional norms."  Id., at 687-88, 104 S. Ct. at 2064-65.  Second, the criminal defendant must affirmatively demonstrate prejudice by showing that "there is a reasonable probability that but for counsel's [error], the result of the proceeding would have been different."  Id. at 694, 104 S. Ct. at 2068.  See also United States v. Javino, 960 F.2d 1137, 1145 (2d Cir. 1992).  A reasonable probability has been defined as "a probability sufficient to undermine confidence in the outcome."  See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  Considerable deference is accorded counsel's performance as counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

judgment." Id. at 690, 104 S. Ct. at 2066.

The petitioner contends that, immediately prior to his arrest, his daughter was examined medically twice, and no reports of sexual abuse were made by the examiners. The record before the Court is devoid of any competent evidence corroborating Edwards' assertion that these medical examinations were performed. Nor is there evidence in the record establishing the precise scope of the alleged examinations. For example, the record is barren of evidence showing whether the examinations included an internal examination of the child's pelvis. In addition, no evidence is in the record establishing whether the examinations were performed by experts in the field of gynecology, as the prosecution's medical witness was.

However, the record does contain an affidavit prepared by the petitioner in support of an application he made, in the Appellate Division, for a writ of error coram nobis. In that affidavit, the petitioner indicates that the medical examinations of his daughter he wanted his trial counsel to investigate were not performed immediately prior to his arrest. Rather, according to the affidavit, the medical examinations were performed six weeks prior to the petitioner's arrest, when his daughter graduated from a day care center program and enrolled in a public school. In any event, "undetailed and unsubstantiated assertions that counsel failed to conduct a proper investigation [such as those made by Edwards] have consistently been held insufficient to satisfy either Strickland prong." Polanco v. United States, No. 99 Civ. 5739, 94 Cr. 453, 2000 WL 1072303, at *10 (S.D.N.Y. Aug. 3, 2000).

Moreover, in order to meet Strickland's requirements, Edwards must affirmatively demonstrate prejudice by showing that a reasonable probability exists that but for his trial counsel's error (the alleged failure to undertake an investigation), the result of his trial would

have been different.  In the instant case, the medical evidence presented at Edwards' trial was not the only evidence the prosecution used to secure his conviction.  The jury also heard testimony from, among others, the petitioner's daughter, the victim of the sex crimes for which Edwards was convicted.  She described instances when the petitioner assaulted her sexually and the manner in which those assaults occurred.  Based upon all the evidence the jury was asked to consider, the Court finds that a reasonable probability does not exist that, but for the "investigation" error Edwards ascribes to his trial counsel, the result of his trial would have been different.  Accordingly, the petitioner has not met the burden Strickland places on him and he cannot obtain habeas corpus relief based on this branch of his ineffective assistance of trial counsel claim.

*Ineffective Assistance of Appellate Counsel*

The petitioner also alleges his appellate counsel rendered ineffective assistance to him because counsel did not give the petitioner a copy of his draft brief, did not raise adequately or argue issues the petitioner requested that he raise on appeal and did not file a supplemental brief in connection with the petitioner's application in the trial court for collateral relief, made through a CPL § 440.10 motion.  The record before the Court establishes that the petitioner's appellate counsel made a supplemental submission to the trial court in connection with the CPL § 440.10 motion that was initiated by Edwards pro se.  Therefore, habeas corpus relief, based on this branch of the petitioner's claim, is not warranted.

The remaining two branches of the claim, which assert that the petitioner's appellate counsel failed to share a draft copy of his brief with Edwards and did not incorporate into the brief issues that Edwards requested that appellate counsel raise on his behalf, are matters that

24

were presented to the Appellate Division through the petitioner's application for a writ of error

coram nobis.  However, after that application was denied by the Appellate Division, Edwards did

not seek review of the Appellate Division's determination in the New York Court of Appeals, as

permitted by CPL § 460.10.  The time that CPL § 460.10 allots to a person aggrieved by a

determination of the Appellate Division to seek leave to appeal to the New York Court of

Appeals, 30 days, has elapsed.  As a result, Edwards can no longer challenge the Appellate

Division's decision in state court.  The claims of ineffective assistance of appellate counsel

Edwards made have been procedurally forfeited.  As such, they may be deemed exhausted for the

purpose of habeas corpus review.  See Harris, 489 U.S. at 263 n.9, 109 S. Ct. at 1043 n.9.

However, since Edwards has not shown cause for his default, prejudice or that he is actually

innocent of the crimes for which he has been convicted, the court need not entertain the

petitioner's claim, that he received ineffective assistance from his appellate counsel.

*Programmed Testimony*

The petitioner maintains he is entitled to habeas corpus relief because the testimony

elicited from his daughter through the prosecution was "programmed," that is, the product of

prosecutorial coaching and, furthermore, was extracted through the use of improper leading

questions.  In the CPL § 440.10 motion the petitioner made in the trial court, he sought relief

from the judgment of conviction based upon his allegation that his daughter's direct testimony at

his trial was "programmed."  The trial court disposed of Edwards' contention finding that it was

unsubstantiated and not supported by the record.  As discussed earlier in this writing, the

petitioner attempted, unsuccessfully, to obtain appellate review of the determination reached by

the trial court on his CPL § 440.10 motion.  Therefore, so much of the instant claim as is

predicated upon Edwards' contention that he did not receive a fair trial because his daughter's direct trial testimony was "programmed" by the prosecution has been exhausted for the purpose of federal habeas corpus review.

Inasmuch as this branch of the petitioner's claim was adjudicated on the merits in the state court, Edwards may not obtain the relief he seeks in this court unless he can demonstrate that the trial court's decision was contrary to or involved an unreasonable application of clearly established Federal law as determined by Supreme Court precedent or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  See 28 U.S.C. § 2254(d).

The submissions made by the petitioner do not explain how, if at all, the decision reached by the trial court on that portion of Edwards' CPL § 440.10 motion that addresses the direct trial testimony given by his daughter was either contrary to or an unreasonable application of clearly established Federal law as determined by the Supreme Court or how, if at all, the decision reached in the state court was based on an unreasonable determination of the facts in view of the evidence that was presented to the trial court.  Therefore, the court would not be warranted in granting the petitioner habeas corpus relief based upon his claim that his trial was unfair due to the "programmed" testimony given by his daughter at his trial.

*Warrantless Entry Into a Home*
*to Effect Petitioner's Arrest*

Edwards contends that on November 2, 1989, police officers entered the home of Betty Moore, without a warrant, "stopped and searched him for no articulable reason, then placed him under arrest."  According to Edwards, since the arresting officers did not have a warrant

permitting them to enter Ms. Moore's home and, further, since he was not committing any crime at the time the police seized him, nor had he committed any crime(s) prior thereto, his arrest was without probable cause and violative of his Fourth Amendment right to be free from unlawful searches and seizures.  The Court has discussed above the availability in New York of a mechanism to challenge alleged violations of the Fourth Amendment.  For the reasons discussed previously in this writing, which will not be repeated here, that led the Court to conclude that the available state mechanism afforded the petitioner a full and fair opportunity to litigate any claimed violation of his Fourth Amendment right, habeas corpus review of the instant claim is precluded.

*Medical Expert Testimony*

Edwards seeks relief through the instant petition based upon his contention that the physician from whom the prosecution elicited medical expert testimony "never explained," with specificity, aspects of her testimony pertaining to her observations respecting the petitioner's daughter's hymenal opening.  During her trial testimony, the physician made reference to the face of a clock and, in particular, the numerals appearing thereon, to identify for the jury the location on the complaining witness' hymenal opening of certain physical characteristics that the physician observed while examining the complainant.  According to Edwards, the absence from the physician's testimony, of such matters as "the clock's size and shape," whether the numerals appearing on the clock's face were "Arabic, Roman, etc." and the distance between each numeral on the hypothetical clock's face were all important matters, which, if elicited from the physician, "could have proved crucial for petitioner's defense."

The petitioner's allegations regarding matters he maintains were not addressed with

specificity by the prosecution's medical witness fail to present any issues upon which it might be concluded that Edwards' incarceration by the state of New York resulted from a violation of the Constitution, laws or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court finds that, in the absence of such federal law issues, the allegations made by the petitioner concerning the lack of specificity that he perceived in the testimony of the prosecution's medical witness is not a ground upon which habeas corpus relief may be granted to him.

*Charged Crimes Do Not Coincide*

The petitioner maintains the charges lodged in the criminal complaint made against him did not "coincide" with the charges made against him in the indictment returned by a Bronx County grand jury.  Edwards has not identified any federal law that is violated when the charges made against an accused in a state criminal court complaint do not "coincide" with charges later made against an accused in an indictment returned by a state grand jury.  To the extent that Edwards' claim challenges the sufficiency of the indictment against which he defended himself at trial, that matter does not fall within the ambit of federal habeas corpus review.  See Knewel v. Egan, 268 U.S. 442, 446, 45 S. Ct. 522, 524 (1925); Anderson v. Kelly, No. CV 91-1354, 1992 WL 175665, at *4 (E.D.N.Y. July 14, 1992).  Consequently, this claim also fails to provide any basis upon which the court would be warranted in granting Edwards habeas corpus relief.

## IV.  RECOMMENDATION

For the reasons set forth above, the petitioner's application for a writ of habeas corpus should be denied.

## V.  FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

the parties shall have ten (10) days from service of this Report to file written objections. See also

Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk

of Court, with courtesy copies delivered to the chambers of the Honorable Kenneth M. Karas,

500 Pearl Street, Room 920, New York, New York, 10007, and to the chambers of the

undersigned, 40 Foley Square, Room 540, New York, New York 10007. Any requests for an

extension of time for filing objections must be directed to Judge Karas. FAILURE TO FILE

OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS

AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985);

IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson,

968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988);

McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
March 13, 2007

Respectfully submitted,

Kevin Nathaniel Fox

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Charles Edwards
Elizabeth F. Bernhardt, Esq.

29