UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES EDWARDS,

                       Petitioner,

     -v-

WILLIAM MAZZUCA, SUPERINTENDENT,

                   Respondent.

No. 00 Civ. 2290 (RJS)(KNF)

ORDER ADOPTING REPORT AND
RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

      Charles Edwards (hereinafter "petitioner" or "Edwards") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in state court.  In a judgment rendered on February 9, 1994, following a jury trial in the Supreme Court of the State of New York, Bronx County, Edwards was convicted of six counts of rape in the third-degree, eight counts of sodomy in the first-degree, and two counts of sexual abuse in the first-degree, all arising from sexual misconduct involving his daughter.  By order dated March 13, 2007, the Honorable Kevin Nathaniel Fox, Magistrate Judge, to whom this matter had been referred for review, issued a Report and Recommendation (the "Report"), a copy of which is attached hereto, recommending that this Court deny petitioner's application for a writ of habeas corpus.  On May 8, 2007, petitioner submitted a twenty-five page document setting forth his objections to the Report. For the reasons stated below, the Court denies petitioner's application for a writ of habeas corpus.

## I. Background

The facts and procedural history underlying the instant petition are set forth in detail in the Report.  The Court presumes the parties' familiarity with the Report and the information recited therein.

## II. Standard of Review

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations of a magistrate judge.  *See, e.g., Silva v. Peninsula Hotel*, – F. Supp. 2d – , No. 05 Civ. 8261 (RJH)(TJK), 2007 WL 2694616, at *1 (S.D.N.Y. Sept. 13, 2007); *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y.1994).  As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y.1997). As to those portions of a report to which specific written objections are made, the Court reviews such findings *de novo. See* Fed. R. Civ. P. 72(b); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir.1998); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997). However, if "the party 'makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" *Silva*, 2007 WL 2694616, at *1 (quoting *Sanchez v. Dankert*, No. 03 Civ. 2276 (LTS), 2004 WL 439502, at *1 (S.D.N.Y. Mar. 9, 2004)); *accord Johnson v. City Univ. of New York*, No. 00 CV 4964 (WK), 2003 WL 21435469, at *1 (S.D.N.Y. June 19, 2003); *Greene*, 956 F. Supp. at 513.

### III. Discussion

Here, the Court has, pursuant to 28 U.S.C. § 636(b)(1)(B), reviewed *de novo* all portions of the Report to which plaintiff specifically objects, and reviewed the remainder of the Report for clear error.  Thus, having reviewed the full record, including, among other things, the petition, the parties' respective submissions, the Report, applicable law, and petitioner's objections, the Court, for the following reasons, rejects petitioner's objections and adopts the Report in its entirety.  Furthermore, for the reasons stated in the Report as well as the reasons stated herein, the Court denies the instant petition for habeas corpus relief.

### A. The First and Eighth Objections

In his first and eighth objections, petitioner asserts that the magistrate judge erred by failing to "accept all of [petitioner's] claims as true and attribute all reasonable inferences in [petitioner's] favor."  (Pet.'s Obj. at 4-5.)  In support, petitioner cites to a portion of a decision by the Court of Appeals for the Third Circuit regarding vacating and remanding a district court's denial of a *pro se* litigant's motion to vacate a commercial arbitration.  (*Id.* at 5 (citing *Dluhas v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).)  For the following reasons, the Court rejects petitioner's argument as to the standard of review to be applied to the instant petition for habeas relief.

While it is true that, as a *pro se* litigant, petitioner's submissions should be liberally construed to present the strongest arguments possible, *see, e.g., Williams v. Philips*, No. 03 Civ. 3319 (KMW)(FM), 2007 WL 2710416, at *1 (S.D.N.Y. Sept. 17, 2007), this Court is under no obligation to accept petitioner's federal habeas claims "as true" or to draw "all reasonable inferences" in petitioner's favor.  (Pet's Obj. ¶¶ 3-5, 26-27.)  Instead, as noted in the Report, Congress has specifically prescribed a far more deferential standard of review for federal habeas

challenges to state-court convictions.  Pursuant to  28 U.S.C. § 2254(d)(1), as amended by the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No 104-132, 110 Stat. 1214,

a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on

the merits in State court . . . unless the adjudication of the claim . . . resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law . . .

."  28 U.S.C. § 2254(d)(1).  As such, "'a federal habeas court may not issue the writ simply

because that court concludes in its independent judgment that the relevant state-court decision

applied clearly established federal law erroneously or incorrectly. Rather, that application must

also be unreasonable.'" *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams v.

Taylor*, 529 U.S. 362, 411 (2000)). In other words, in order to grant habeas corpus relief, a

district court must determine that the state-court decision contained "'[s]ome increment of

incorrectness *beyond* error.'" *Id.* (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000))

(emphasis supplied).  As such, it is beyond doubt that the standard of review advanced by

petitioner is inapplicable to the instant action.  Accordingly, because the magistrate judge

properly applied the AEDPA standard in reviewing the instant petition, the Court rejects

petitioner's objections to the Report on that basis.

### B. The Second, Third, and Fourth Objections

Petitioner's second, third, and fourth objections assert that, in the "Background" section

of the Report, the magistrate judge failed to accurately recite certain facts relating to petitioner's

filings in state court and to state court orders addressing such filings.  (Pet.'s Obj. ¶¶ 6-17;

Report at 1-10.)  However, having reviewed *de novo* that portion of the Report as well as the

portions of the record referenced therein, the Court finds that the Report offers an accurate

description of the factual background and procedural history underlying the instant petition.

Thus, the Court rejects each of these objections as a basis to revisit any of the findings set forth in the Report.

### C. The Fifth, Ninth, Twelfth, Eighteenth, and Nineteenth Objections

Petitioner's fifth, ninth, twelfth, eighteenth, and nineteenth objections are merely conclusory statements challenging the magistrate judge's conclusions regarding "each of" petitioner's claims.  (Pet.'s Obj. ¶¶ 19, 29, 59-67.)  As discussed in this Order, the Court has reviewed *de novo* the entirety of the Report and adopts the findings set forth therein.  Accordingly, the Court rejects petitioner's conclusory objections to the Report.

### D. The Sixth Objection

In his sixth objection, petitioner asserts that the magistrate judge erred by failing to construe petitioner's claim regarding the "weight of the evidence" as a challenge to the sufficiency of the evidence offered against petitioner in state court.  (Pet.'s Obj. at 9-10.)  Specifically, according to petitioner, the magistrate judge should have construed the petition as asserting a challenge to the sufficiency of the evidence offered at trial regarding the force element of the sexual abuse charges for which petitioner was convicted.

The Court rejects petitioner's claim regarding the insufficiency of the evidence offered at trial regarding the use of force.  As a threshold matter, it is clear that petitioner has failed to exhaust this claim in state court.  28 U.S.C. § 2254(b)(1)(A); *see Daye v. Att'y General of the State of N.Y.*, 696 F.2d 186, 190-91 (2d Cir.1982); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971); *Nelson v. George*, 399 U.S. 224, 229 (1970).  Therefore, this claim is now procedurally defaulted, and petitioner has articulated no reason for this default, nor made any showing that the Court's failure to review these claims would result in prejudice or in a fundamental miscarriage

of justice. *See Zarvela v. Artuz*, 254 F.3d 374, 379-82 (2d Cir. 2001); *see also* Rhines v. Walker, 544 U.S. 269, 275-88 (2005). Nevertheless, although the Court could dismiss the claim on this basis alone, the Court proceeds to address the substance of the claim and finds it to be without merit.

A habeas petitioner "bears a very heavy burden" when challenging the legal sufficiency of the evidence used to obtain a state criminal conviction. *Einaugler v. Sup. Ct. of the State of New York*, 109 F.3d 836, 840 (2d Cir. 1997). That is, a "state criminal conviction will be upheld if, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vassell v. McGinnis*, No. 04 Civ. 0856 (JG), 2004 WL 3088666 at *5 (E.D.N.Y. Dec. 22, 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see Policano v. Herbert*, 430 F.3d 82, 86 (2d Cir. 2005) ("'[I]n a challenge to a state criminal conviction brought under 28 U.S.C. § 2254[,] . . . the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'") (quoting *Jackson*, 443 U.S. at 324); *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002) (same). Thus, even when "faced with a record of historical facts that supports conflicting inferences, [this Court] must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Wheel v. Robinson*, 34 F.3d 60, 66 (2d Cir. 1994).

Here, it is clear that, viewing the evidence offered at trial in the light most favorable to the prosecution, a rational jury could have found proof of petitioner's guilt beyond a reasonable doubt as to each element — including the force element — of the respective crimes at issue. Specifically, the prosecution presented at trial the testimony of (1) the victim regarding multiple

instances of forcible sexual abuse by petitioner against the victim prior to her ninth birthday (Trial Tr. 54-56; 58-60)[1]; (2) Dorothea Lea, a friend of the Edwards family, who testified that she had witnessed certain instances of inappropriate sexual contact between petitioner and his daughter (*Id.* 128-29); (3) Sheila Carrera, another friend of the Edward family and the victim's godmother, who testified that the victim told her of sexual contact between petitioner and the victim, and that the victim complained of pain in her genitals (*Id.* 143-46; 155-56); and (4) Dr. Kathleen Porder ("Dr. Porder"), a doctor who had performed a genital examination of the victim, who testified that the victim's genitals exhibited symptoms characteristic of sexual contact with an older male individual. (*Id.* 194-97.)

Taken together and viewed in the light most favorable to the prosecution, such testimony supports petitioner's convictions under New York Penal Law §§ 130.35(1), (3), 130.50(1), (3), and 130.65(1), (3), all prohibiting sexual contact with another "[b]y forcible compulsion" and/or "[w]hen the other person is less than eleven years old."[2] *See Barnes v. Super., Attica Corr. Facility*, No. 06 Civ. 3257 (JG), 2007 WL 188707, at *4 (E.D.N.Y. Jan. 23, 2007) (rejecting an insufficiency of the evidence claim where the petitioner's conviction under Section 130.35(1) was supported by, *inter alia*, testimony by the victim that petitioner "forced himself" on her); *People v. White*, 811 N.Y.S.2d 473, 474 (N.Y. App. Div. 2006) ("Given the testimony

---

[1] The victim testified that, on several occasions, petitioner initiated sexual contact with her, and refused to stop such contact when the victim asked petitioner to stop and/or struck petitioner. (Trial Tr. 55-56.)

[2] Specifically, Section 130.35 concerns "sexual intercourse," Section 130.50 concerns "oral sexual conduct or anal sexual conduct", and Section 130.65 concerns "sexual contact." *See* N.Y. Penal Law§§ 130.35, 130.50, 130.65. It is clear that the above-cited testimony would also permit a reasonable trier of fact to conclude beyond a reasonable doubt that these respective "contact" elements were satisfied with regard to petitioner.

concerning the [] victim's efforts to resist defendant, the size and strength of defendant compared to the children and their testimony that they had been afraid of him . . . , the jury rationally concluded that defendant committed the crimes of rape and sodomy by forcible compulsion."). Accordingly, the Court rejects petitioner's sufficiency of the evidence claim as a basis for habeas relief.

### E. The Seventh Objection

In his seventh objection, petitioner challenges the Report's conclusions as to petitioner's speedy trial claim under New York Criminal Procedure Law § 30.30. Having reviewed *de novo* that portion of the Report — dismissing petitioner's speedy trial claim because it asserted a violation of state law which is not cognizable upon habeas review — the Court adopts the conclusions set forth therein regarding petitioner's Section 30.30 claim. *See, e.g., Cadilla v. Johnson*, 119 F. Supp. 2d 366, 374 (S.D.N.Y. 2000).

### F. The Tenth and Eleventh Objections

In his tenth and eleventh objections, petitioner challenges the Report's dismissal of his claim that his state trial and appellate counsel frustrated petitioner's ability to proceed *pro se* in the state courts. Having reviewed *de novo* that portion of the Report – dismissing the claim because it failed to assert a violation of petitioner's rights under federal or state law – the Court adopts the conclusions set forth in the Report regarding petitioner's *pro se* representation claim.

### G. The Thirteenth and Fourteenth Objections

In his thirteenth and fourteenth objections, petitioner challenges the Report's finding that the state court rejected certain claims presented by petitioner in his post-conviction Section 440.10 motion on the merits, and, consequently, that such claims were exhausted for the purposes of habeas review. Having reviewed *de novo* that portion of the Report — which found

the claims to be exhausted and, therefore, suitable for merits-based review in this Court — the Court adopts the conclusions set forth therein.  Furthermore, the Court notes that this finding was in petitioner's favor: it permitted the claims at issue to be reviewed on the merits in this Court rather than, as respondent argued, foreclosing such review by finding that the state court's rejection of petitioner's Section 440.10 motion served as a procedural bar to merits-based habeas review of the claims.  (*See* Resp.'s Mem. at 6-7.)

### H. The Fifteenth, Sixteenth, and Seventeenth Objections

In his fifteenth, sixteenth, and seventeenth objections, petitioner challenges the findings in the Report regarding petitioner's Fourth Amendment claims.  Having reviewed *de novo* that portion of the Report, the Court adopts the conclusions set forth therein.

### I. The Sufficiency of the Indictment Claim

The instant petition also includes a claim that the state court indictment was constitutionally defective because it failed to state, with sufficient particularity, the date upon which petitioner's crimes were committed, but, instead, specified a seven-month period during which petitioner committed several crimes in a single day.  The Court rejects this claim as a basis for habeas corpus relief.[3]

Challenges to state indictments will merit habeas corpus relief only in the exceptional case where the indictment fails to satisfy "the basic due process requirements: notice of the time, place, and essential elements of the crime."  *Scott v. Sup., Mid-Orange Corr. Facility*, No. 03 Civ. 6383 (RJD) (LB), 2006 WL 3095760, at *6 (E.D.N.Y. Oct. 31, 2006) (quoting *Carroll v.*

---

[3] It is beyond doubt, and not disputed by respondent, that the sufficiency of the indictment claim has been exhausted in state court for the purposes of habeas review.

*Hoke*, 695 F. Supp. 1435, 1438 (E.D.N.Y. 1988)); *cf. Kellam v. Hunt*, No. 06 Civ. 4395 (JGK),

2007 WL 2005544, at *5 (S.D.N.Y. July 10, 2007) ("[A] challenge to the sufficiency of a state

indictment is not a claim cognizable on habeas review.").  Thus, an indictment will be

"constitutionally sufficient if it informed 'the accused, in general terms, of the time, place and

essential elements of the alleged crime.'"  *Medina v. Herbert*, No. 98 Civ. 1871 (RWS), 1998

WL 799173, at *5 (S.D.N.Y. Nov 16, 1998) (quoting *Carroll*, 695 F. Supp. at 1438); *accord*

*United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975) ("[A]n indictment need do little

more than to track the language of the statute charged and state the time and place (in

approximate terms) of the alleged crime.").

     Here, although the indictment specified a *period* of time – rather than a specific date – in

which defendant committed the acts at issue, it is clear that the indictment met the constitutional

standards referred to above, especially where, as here, the complaining victim was a child.  *See*

*Rodriguez v. Hynes*, CV-94-2010 (CPS), 1995 WL 116290, at *4 (E.D.N.Y. Feb. 27, 1995)

("Considering the fact that young victims often do not remember the exact date of when an

alleged offense occurred, the time spans in the indictment [charging sexual abuse of a minor] are

not unreasonable.") (citing *United States v. Bagaric*, 706 F.2d 42, 61 (2d Cir. 1983), *abrogated*

*on other grounds by Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 259 (1994)); *see also*

*Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005) ("This Court and numerous others have

found that fairly large time windows in the context of child abuse prosecutions are not in conflict

with constitutional notice requirements.") (collecting cases); *Fawcett v. Bablitch*, 962 F.2d 617,

619 (7th Cir. 1992) (rejecting a due process challenge to an indictment that set forth a six-month

period of time during which the defendant allegedly sexually abused a minor child, and finding

that the indictment "afforded [the defendant] notice sufficient to permit him to defend against the

charge"). Accordingly, the Court finds that the state court's rejection of petitioner's insufficiency of the indictment claims were not contrary to, or an unreasonable violation of, clearly established federal law.

### J. Confrontation Clause Claims

Finally, the instant petition also includes a claim that petitioner was denied his Sixth Amendment right of confrontation when the trial court limited his cross-examination of the arresting officer, Police Officer George Bonafacio ("Officer Bonafacio"). According to petitioner, the trial court erred in denying his trial counsel's request to question Officer Bonafacio regarding the officer's reasons for making certain entries on the initial arrest sheet. Specifically, petitioner asserts that Officer Bonafacio listed a charge of "attempted rape" on the arrest sheet, while the grand jury returned an indictment on the charge of "completed rape," and that this discrepancy indicates that the victim's statements to Officer Bonafacio were inconsistent with her later testimony before the grand jury and at trial. (Br. for App. at 23-24.) For the following reasons, the Court rejects this argument as a basis for habeas corpus relief.[4]

"The Confrontation Clause of the Sixth Amendment, which applies to the states through the Fourteenth Amendment, guarantees the defendant in a criminal prosecution the right to confront the witnesses against him." *Henry v. Speckard*, 22 F.3d 1209, 1214 (2d Cir. 1994) (internal quotation marks and citation omitted). The purpose of the confrontation clause is to "expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *Davis v. Alaska*, 415 U.S. 308, 315 (1974). Under certain circumstances, restrictions on a criminal defendant's ability

---

[4] It is beyond doubt, and not disputed by respondent, that petitioner's Confrontation Clause claims have been exhausted in state court for the purposes of habeas review.

to cross examine the prosecution's witnesses may "effectively . . . emasculate the right of cross-examination itself." *Smith v. Illinois*, 390 U.S. 129, 131 (1968).  However, while the Sixth Amendment provides "an opportunity for effective cross-examination," it does not guarantee "cross examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (emphasis omitted).  Rather, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see Woods v. Kuhlmann*, 677 F. Supp. 1302, 1306 (S.D.N.Y. 1988).

Here, the Court finds that the trial court's decision to limit the cross-examination of Officer Bonafacio did not rise to the level of constitutional error.  Rather, it is clear that the trial court acted within its discretion to limit such questioning where petitioner had already had ample opportunity to question the victim and other prosecution witnesses, but had failed to proffer any evidence suggesting that the victim had told a different version of events to Officer Bonafacio.  Thus, the trial court acted within the "wide latitude" available to judges "insofar as the Confrontation Clause is concerned" in limiting what appeared to be marginally relevant testimony by Officer Bonafacio.  *Van Arsdall*, 475 U.S. at 679.  Accordingly, the Court finds that it was not a violation of petitioner's rights under the Confrontation Clause to reject trial counsel's attempt to offer speculation as to potentially inconsistent statements given by the victim to Officer Bonafacio, and, therefore, the state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law.[5]

---

[5] Indeed, in declining to permit such cross-examination, the trial court stated that: "[The court] can't let [petitioner] have this jury start speculating on what [the victim] may or may not

In any event, even assuming *arguendo* that the trial court's decision to limit petitioner's cross-examination of Officer Bonafacio rose to the level of a constitutional error, the Court finds that the error was "harmless beyond a reasonable doubt," *Chapman v. California*, 386 U.S. 18, 24 (1967); *Van Arsdall*, 475 U.S. at 684, and, therefore, that the state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law. While petitioner asserts that Officer Bonafacio would have testified that the victim initially reported an *attempted* rape by petitioner – in contrast to her later testimony regarding a *completed* rape by petitioner – it is clear that, in light of the other testimony offered at trial, such testimony would have had a minimal impact on the jury's evaluation of the victim's credibility or of the evidence of petitioner's guilt.  Specifically, the prosecution offered extensive evidence otherwise supporting the conclusion that petitioner perpetrated a completed rape against the victim, including the testimony of (1) the victim regarding multiple instances of completed rapes by petitioner against the victim prior to her ninth birthday (Trial Tr. 54-56; 58-60); and (2) Dr. Porder, who testified that the victim's genitals exhibited symptoms characteristic of intercourse with an older male individual.  (*Id.* 194-97.)  In addition, the Court notes that petitioner's trial counsel had an opportunity — which he did not exercise — to cross-examine the victim regarding her prior statements to the police and any inconsistencies therein.[6]  Accordingly,

---

have said to the officer based on the arrest charge . . . .  It's too speculative."  (Trial Tr. at 180.)

[6] Furthermore, the Court rejects as a basis for habeas relief petitioner's argument that the trial court's decision to deny his request to re-call the victim as a witness violated petitioner's rights under the Confrontation Clause.  At the time of the request to re-call the victim, petitioner's trial counsel had already had a full and fair opportunity to cross-examine the victim at length.  Thus, the trial court acted within its "wide latitude" under the Confrontation Clause "to impose reasonable limits on [] cross-examination based on concerns about . . . harassment, prejudice, . . . [or] the witness' safety," especially where the proposed cross-examination involved a minor child's potentially irrelevant and/or redundant testimony regarding traumatic

because any constitutional error was harmless beyond a reasonable doubt, the Court finds that

the state court's rejection of petitioner's Confrontation Clause claims were not contrary to, or an

unreasonable violation of, clearly established federal law.

### IV. Conclusion

Accordingly, the Court adopts the Report in its entirety, and the instant petition for a writ

of habeas corpus is DENIED for the reasons set forth in the Report as well as the additional

reasons stated herein. In addition, the Court declines to issue a certificate of appealability. The

petitioner has not made a substantial showing of a denial of a federal right, and appellate review

is therefore not warranted. *See, e.g., Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d Cir.1998). The

Court also finds pursuant to 28 U.S.C.1915(a)(3) that any appeal from this order would not be

taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of

Court is directed to close this case.


SO ORDERED.

Dated:        New York, New York
              October *12* 2007

                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

---

events which she had experienced. *See Van Arsdall*, 475 U.S. at 679 (noting that trial judges
"retain wide latitude insofar as the Confrontation Clause is concerned); *Rustici v. Philips*, 497 F.
Supp 2d 452, 490 (E.D.N.Y. 2007) ("To the extent that the petitioner sought to elicit [] testimony
from Detective Alger to impeach [a prosecution witness'] credibility, it was properly excluded
because the record reflects that [the prosecution witness at issue] was not questioned about any
alleged inconsistent statements [made to the Detective]."). Therefore, the Court finds that the
state court's rejection of petitioner's Confrontation Clause claim on this ground was not contrary
to, or an unreasonable application of, clearly established federal law.

14